KATHLEEN GIHRING, Indiv. and as Adm'r of the Estate of Lee W. Gihring, Plaintiff-Appellant, v. DE WAYNE BUTCHER, M.D., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 84—368

Opinion filed December 9, 1985.

Theodore J. Bednarek, of Troha, Troha & Bednarek, of Joliet, and Brian T. Morrow, of Downers Grove, for appellants.

Rooks, Pitts & Poust, and Howard T. Brinton and Ann W. Regan, both of Wildman, Harrold, Allen & Dixon, both of Chicago, for appellees.

JUSTICE QUINLAN delivered the opinion of the court:
Plaintiff, Kathleen Gihring, individually, and as administrator of the estate of her deceased husband, Lee W. Gihring, brought an action alleging medical malpractice against defendants, DeWayne Butcher, M.D., Family Practice Associates, Inc., Irvin M. Kraus, D.O., and Irvin M. Kraus, D.O., S.C. Four counts of plaintiff's complaint, alleging negligent infliction of emotional distress on her own behalf, were dismissed by the trial court. During oral argument before this court, plaintiff moved to dismiss her appeal as to Dr. Butcher and Family Practice Associates. We granted that motion. On appeal, plaintiff contends the remaining dismissed counts successfully state a cause of action for negligent infliction of emotional distress.
We affirm.

■ In adjudicating the instant dismissal, we accept all properly-pleaded facts in plaintiff's complaint. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426, 430 N.E.2d 976.) However, we do not accept unsubstantiated conclusions of law contained in the complaint. *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426.

According to plaintiff's complaint, on April 14, 1982, her husband consulted with their family physician, Dr. DeWayne Butcher, for depression. Dr. Butcher referred Mr. Gihring to a psychiatrist, Dr. Irvin Kraus. Dr. Kraus treated Mr. Gihring on April 16, and April 17, and Dr. Kraus instructed Mr. Gihring to return on April 24, for further treatment. On April 23, Mr. Gihring committed suicide through carbon monoxide poisoning. Later that day plaintiff found her husband dead in the garage of their home. Plaintiff alleges that her husband committed suicide as a result of medical malpractice by Drs. Butcher and Kraus, and that plaintiff suffered great emotional distress from finding her husband dead in the garage.

In *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 457 N.E.2d 1, a boy witnessed his brother being severely injured by an escalator. The supreme court pronounced that Illinois would apply the "zone of physical danger" test to establish a cause of action for negligent infliction of emotional distress.

In defining the test the supreme court wrote:

"Basically, under it [the test] a bystander who is in a zone of physical danger and who, because of the defendant's negligence, has reasonable fear for his own safety is given a right of action for physical injury or illness resulting from emotional distress. This rule does not require that the bystander suffer a physical impact or injury at the time of the negligent act, but it does require that he must have been in such proximity to the accident in which the direct victim was physically injured that there was a high risk to him of physical impact." 98 Ill. 2d 546, 555.

■ Plaintiff urges that the test adopted is merely a test to ensure that any recovery for negligent infliction of emotional distress is limited to foreseeable distress accompanied by definite damages. Here, the plaintiff contends that she has established that her distress was foreseeable as a result of defendants' alleged negligence. We find plaintiff's interpretation untenable.

In *Rickey*, the supreme court remanded the case to determine the exact location of the plaintiff at the time of the injury to his brother. The court stated:

"[T]he complaint states simply that the plaintiff and his

brother were descending on the escalator and that the brother's clothing became entangled in the mechanism of the escalator. We do not know the plaintiff's position or location on the escalator at the time and whether he was endangered by the claimed negligence; we do not know whether he had reasonable fear for his own safety, causing emotional distress." 98 Ill. 2d 546, 556.

Thus, we conclude that the zone of physical danger rule as applied by our supreme court in *Rickey* requires that the plaintiff allege that the defendant's negligence put plaintiff in reasonable fear for his/her own personal safety to successfully plead a cause of action for negligent infliction of emotional distress.

■ We also reject plaintiff's invitation to carve out an exception to *Rickey* for malpractice cases. We find no basis in the language of *Rickey* which would support the establishment of that exception, and no such exception has thus far been applied. See, *e.g., Siemieniec v. Lutheran General Hospital* (1985), 134 Ill. App. 3d 823, 830-31, 480 N.E.2d 127; *Goldberg v. Ruskin* (1984), 128 Ill. App. 3d 1029, 1043, 471 N.E.2d 530.

Additionally, the Eighth Circuit Court of Appeals, applying Nebraska law in *Owens v. Children's Memorial Hospital* (8th Cir. 1973), 480 F.2d 465, addressed a similar issue as presented here and held that parents could not recover for witnessing the suffering of their child caused by the medical malpractice of the defendant. The court reasoned that plaintiffs suffered no impact and were neither within a zone of danger nor in fear for their personal safety. (480 F.2d 465, 467.) We find this reasoning persuasive and consistent with the rule established by our supreme court.

For these reasons the judgment appealed from is affirmed.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.