SARA J. JOHNSTON, Indiv. and as Ex'r of the Estate of Roger J. Johnston, *et al.*, Plaintiffs-Appellants, v. ST. ANNE'S HOSPITAL WEST, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 85—1334

Opinion filed August 18, 1986.

George E. Downs, of Palatine, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stephen R. Swofford, Robert H. Smith, and Lynn D. Dowd, of counsel), for appellees St. Anne's Hospital West, Inc., and St. Anne's Hospital.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiffs appeal the dismissal of the count in their complaint alleging negligent infliction of emotional distress. We affirm.

On November 19, 1983, plaintiff Sara Johnston admitted her husband Roger Johnston to St. Anne's Hospital West in Northlake, Illinois, for chest and back pains. Plaintiff Sally Schulewitz, the Johnstons' daughter, later joined her mother at the hospital. That evening, a doctor told Mrs. Johnston that her husband would be "alright," that he was in no immediate danger, and that she should go home. At 8 a.m. the following morning, when plaintiffs returned to the hospital to visit Mr. Johnston, they were directed to his room and without any warning, found him dead. As a result, plaintiffs allegedly suffered from "strain and extraordinary mental distress, emotional distress, and mental anguish" and required medical treatment for shock.

Shortly thereafter, plaintiffs filed a six-count amended complaint, of which count V sought damages for negligent infliction of emotional distress from defendants St. Anne's Hospital West, Inc., and St. Anne's Hospital. In count V, plaintiffs alleged that defendants failed to advise them of Mr. Johnston's acute condition and of his death, which occurred at 5:45 a.m., upon their arrival at the hospital. The trial court dismissed count V and this appeal followed.

Historically, Illinois has not permitted actions based on negligent infliction of emotional distress unless the plaintiff suffered a contemporaneous physical impact or injury. (*Braun v. Craven* (1898), 175 Ill. 401, 51 N.E. 657.) An exception to the "contemporaneous injury" or "impact rule" was articulated by our supreme court in *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 457 N.E.2d 1. *Rickey* enables a bystander to an accident to plead a cause of action for negligent infliction of emotional distress. In *Rickey*, the eight-year-old plaintiff sought damages for the emotional distress he suffered as a result of witnessing his younger brother's near strangulation by an article of clothing which became entangled in the defendant's escalator. In determining whether the plaintiff could recover, the court adopted the "zone of physical danger" standard, which states:

"[A] bystander who is in a zone of physical danger and who, be-

cause of the defendant's negligence, has reasonable fear for his own safety is given a right of action for physical injury or illness resulting from emotional distress. This rule does not require that the bystander suffer a physical impact or injury at the time of the negligent act, but it does require that he must have been in such proximity to the accident in which the direct victim was physically injured that there was a high risk to him of physical impact. The bystander, as stated, must show physical injury or illness as a result of the emotional distress caused by the defendant's negligence." (98 Ill. 2d 546, 555, 457 N.E.2d 1.)

The court held that the foregoing standard should be applied to the case before it and to all cases not finally adjudicated which involve negligent infliction of emotional distress. *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 556, 457 N.E.2d 1.

■ The allegations in count V of plaintiffs' complaint fail to satisfy the *Rickey* test. Although plaintiffs may be able to demonstrate that they suffered the "physical injury or illness" referred to in *Rickey*, they cannot show that they were "in a zone of physical danger and *** [had] reasonable fear for [their] safety." First, plaintiffs did not witness any accident or injury to Mr. Johnston. He had been dead for quite some time before plaintiffs entered his hospital room and found him. Second, plaintiffs were not placed in a zone of physical danger causing them to fear for their own personal safety when they discovered Mr. Johnston after he was already deceased. Therefore, since plaintiffs cannot meet the threshold elements of *Rickey*, the trial court properly dismissed count V.

■ Plaintiffs' urge this court to expand *Rickey* by recognizing a cause of action for negligent infliction of emotional distress under circumstances where a hospital has failed to promptly inform a patient's relatives of his death. We refuse to do so. We initially note that cases subsequent to *Rickey* have strictly construed that decision. (*Siemieniec v. Lutheran General Hospital* (1985), 134 Ill. App. 3d 823, 480 N.E.2d 1227, *appeal allowed* (1985), 108 Ill. 2d 589; *Maere v. Churchill* (1983), 116 Ill. App. 3d 939, 452 N.E.2d 694; *Rahn v. Gerdts* (1983), 119 Ill. App. 3d 781, 455 N.E.2d 807.) One recent Illinois decision cited by plaintiffs in oral argument has admonished courts to limit claims of negligent infliction of emotional distress to those that closely adhere to the rule enunciated in *Rickey* (*Lewis v. Westinghouse Electric Corp.* (1985), 139 Ill. App. 3d 634, 637, 487 N.E.2d 1071).

Furthermore, plaintiffs' reliance on *Johnson v. New York* (1975),

37 N.Y.2d 378, 334 N.E.2d 590, 372 N.Y.S.2d 638, is misplaced. In *Johnson*, a hospital patient's daughter was falsely advised that her mother had died when in fact, her mother was alive and well. After making funeral arrangements for her mother and incurring funeral expenses in the amount of $7,500, the plaintiff discovered that the decedent was not her mother. As a result, she became hysterical and had to be helped from the funeral home. It was later determined that the defendant had violated its own procedures by carelessly pulling the wrong patient record. The court upheld the plaintiff's negligent infliction of emotional distress claim reasoning that the defendant had a duty to advise the proper next of kin of that patient's death.

The facts in the present case, however, do not rise to the level of severity of those in *Johnson*. In *Johnson*, the plaintiff was forced to unnecessarily grieve the death of a loved one. Here, plaintiffs merely learned of the death of decedent on their own rather than from a third party. Moreover, subsequent New York decisions raise doubt as to the continued validity of *Johnson*, and in any event, strictly limit its application. See *Johnson v. Jamaica Hospital* (1984), 62 N.Y.2d 523, 467 N.E.2d 502, 478 N.Y.S.2d 838; *Bovsun v. Sanperi* (1984), 61 N.Y.2d 219, 461 N.E.2d 843, 473 N.Y.S.2d 357.

Plaintiffs further maintain that defendants, by allowing them to view the decedent without warning, could foresee that emotional distress would result. A similar argument was rejected in *Gihring v. Butcher* (1985), 138 Ill. App. 3d 976, 487 N.E.2d 75. In *Gihring*, the plaintiff found her husband, who had committed suicide, dead in their garage. In her action for negligent infliction of emotional distress, she claimed that her husband's suicide was the result of medical malpractice by the defendant doctors with whom her husband had consulted. The plaintiff contended that the *Rickey* standard was adopted merely to limit any recovery for negligent infliction of emotional distress to foreseeable damages which she had established. The court found the plaintiff's interpretation of *Rickey* to be "untenable" (138 Ill. App. 3d 976, 978, 487 N.E.2d 75), and affirmed the dismissal of her complaint. Similarly, we find plaintiffs' contention in this case to be without merit.

Accordingly, we affirm the trial court's dismissal of count V of plaintiffs' complaint.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.