BETH ALEXANDER, Plaintiff-Appellant, v. ROBERT J. DePAEPE, Defendant-Appellee.

Second District   No. 2—85—0607

Opinion filed October 29, 1986.

James F. Carlson and J. Douglas Durham, both of Rivkin, Radley, Dunne & Bayh, of Chicago, for appellant.

H. Anne McKee, D. Kendall Griffith, and Mark Conrad, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

JUSTICE HOPF delivered the opinion of the court:

This is an appeal from an order of the trial court of McHenry County dismissing the second count of plaintiff's complaint, which sought damages for negligent infliction of emotional distress. Plaintiff, Beth Alexander, contends that the trial court erred in finding that a family relationship is an element of a cause of action based on negligent infliction of emotional distress and in construing certain of plaintiff's allegations as seeking damages for loss of consortium.

On July 11, 1981, plaintiff was a passenger in a car driven by her fiance, Arthur Carroll. The Carroll auto collided with a car driven by defendant, Robert J. DePaepe. Mr. Carroll died and Alexander sustained personal injuries as a result of the collision.

Subsequently, Alexander filed a lawsuit against DePaepe, alleging that he was negligent in operating his automobile. Count I of plaintiff's second amended complaint alleges an action for personal injuries to herself. Count II alleges injury from emotional distress negligently caused by defendant. The complaint asserts that plaintiff suffers physical illness from the emotional distress experienced as a result of witnessing the fatal injuries to her fiance in the collision and the emotional distress of being deprived of a future relationship with Carroll.

Defendant's motion to strike count II of plaintiff's second amended complaint, pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615), was granted by the trial court. In a memorandum opinion the court below found that the damages sought by plaintiff for deprivation of her future relationship with Carroll were identical to those which would be sought in an action for loss of consortium. Since plaintiff and decedent were not married at the time of the accident, the court held that plaintiff could not recover for loss of consortium. The trial court also found that plaintiff's allegation that she suffered emotional distress upon witnessing the injury to her fiance would not support any recovery since

she was not a close family relative of the deceased.

Plaintiff filed a motion asking the court to reconsider its memorandum opinion. After hearing arguments on the motion, the trial court entered an order denying plaintiff's motion to reconsider and dismissing with prejudice count II of the second amended complaint. Plaintiff then filed this timely appeal.

■■ ■ The ultimate matter we must decide is whether plaintiff's count II states a cause of action for the negligent infliction of emotional distress which can withstand a motion to dismiss. For purposes of ruling on a motion to dismiss, all well-pleaded facts must be taken as true (*Goldberg v. Ruskin* (1984), 128 Ill. App. 3d 1029, 1032-33, 471 N.E.2d 530) and all reasonable inferences must be drawn in favor of the plaintiff. (*Lewis v. Westinghouse Electric Corp.* (1985), 139 Ill. App. 3d 634, 638, 487 N.E.2d 1071 (Linn, J., dissenting).) Moreover, a complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved under the pleadings which would entitle plaintiff to relief. (139 Ill. App. 3d 634, 638, 487 N.E.2d 1071 (Linn, J., dissenting).) With these principles in mind, we will examine plaintiff's count II allegations.

Count II of plaintiff's complaint asserts that plaintiff suffered emotional distress from seeing her fiance injured and from losing her relationship with him. Until recently there would have been no question that these allegations could not support recovery by plaintiff. Under the well-established and long-followed "impact rule" in Illinois, there must have been a contemporaneous physical injury or impact to plaintiff to permit recovery for emotional distress. (*Braun v. Craven* (1898), 175 Ill. 401, 51 N.E. 657; *Carlinville National Bank v. Rhoads* (1978), 63 Ill. App. 3d 502, 380 N.E.2d 63.) The rule applied to both direct victims of defendant's negligence and bystanders who witnessed the injury of another. *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 550, 457 N.E.2d 1.

■■ However, in *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 457 N.E.2d 1, our supreme court reconsidered the impact rule and concluded that recovery for negligently inflicted emotional distress should not be determined solely on whether or not there was a contemporaneous physical impact on the plaintiff. In *Rickey* an eight-year-old plaintiff watched as his five-year-old brother choked and stopped breathing after the scarf he wore became entangled in the mechanism of an escalator. Plaintiff sought damages for emotional distress but alleged neither that he had suffered any physical impact nor that he was in danger of harm. The *Rickey* court abandoned the impact rule and substituted the "zone of physical danger" rule which

had been adopted in the majority of jurisdictions which had considered the question of recovery by a bystander for emotional distress.

The *Rickey* court explained that the new rule requires that the bystander must have been in such proximity to the accident which injured the direct victim that there was a high risk to himself of physical impact. The court also stressed that such a bystander must show physical injury or illness as a result of the emotional distress caused by the defendant's negligence.

■ Plaintiff attempts to persuade this court that the case before it is controlled by *Rickey* and insists that the trial court erroneously imposed an element on plaintiff's cause of action that *Rickey* does not require. Plaintiff's argument reveals a basic misunderstanding of *Rickey*.

More specifically, while plaintiff agrees that count II of her complaint seeks recovery by her as a bystander, she misconstrues the basis for a bystander's claim as set forth in *Rickey*. Plaintiff asserts in her brief: "In a bystander setting, such as here, the plaintiff is not the direct victim of the defendant's negligence, but suffers actionable injuries *as a consequence of the injury caused to another person* by defendant's negligence." (Emphasis added.) Plaintiff also states that a bystander's injury is "created by the injury to another as allowed by *Rickey*," and contends that: "This new cause of action concerns the injury of a plaintiff bystander proximately caused by negligence resulting initially in injury to another person." Plaintiff's assertions appear to reflect a belief that *Rickey* created a cause of action for plaintiffs who suffer emotional distress solely as a result of witnessing an injury to another party. This belief is misplaced and is the underlying cause of plaintiff's confusion.

While a bystander's claim arises out of a fact situation in which there is a direct injury to another person, such a claim is not a consequence of the other person's injury. Nor are the bystander's injuries caused by the other person's injuries. *Rickey*, rather than creating a new cause of action, merely extended an existing cause of action beyond those bystanders who actually suffered some physical impact to those bystanders who were put at great risk by defendant's negligence. While the case expanded the scope of potential plaintiffs in negligent infliction of emotional distress actions, it did not widen the scope so greatly as to include plaintiffs whose stress arises from watching another's injury or suffering.

There is nothing in *Rickey* to intimate that merely witnessing the injury to another party will sustain an action based on emotional distress. If anything, *Rickey* denied this premise. There was no dispute

in that case that the plaintiff saw his younger brother's clothing getting caught in the escalator mechanism and saw his brother choking and unable to breathe. These facts were not enough to warrant relief. After enunciating the new rule applicable to negligent infliction of emotional distress actions, the court remanded the case, noting that the complaint did not indicate whether plaintiff himself was endangered by the claimed negligence. The court added: "We do not know whether he had reasonable fear for his own safety, causing emotional distress." *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 556, 457 N.E.2d 1.

It is abundantly clear that *Rickey* does not support a cause of action for negligent infliction of emotional distress based only on witnessing injury to a direct victim. The bystander's action arises only when he shows that his emotional distress arose from fear for his own well-being.

Plaintiff in the instant case pleaded that she has and will experience physical illness resulting from emotional distress negligently caused by defendant as a consequence of "[p]laintiff witnessing the injury to Mr. Carroll; and [p]laintiff being forever deprived of any continued or further relationship with Mr. Carroll." Plaintiff nowhere pleaded that her emotional distress rose from fear for her own safety or from being put at high risk of physical impact. Thus, under *Rickey*, plaintiff's complaint did not adequately state a cause of action.

The above conclusion is reinforced by *Gihring v. Butcher* (1985), 138 Ill. App. 3d 976, 487 N.E.2d 75, where plaintiff alleged that her husband had committed suicide as a result of medical malpractice and that she had suffered emotional distress from finding her husband dead. On appeal plaintiff urged that the test adopted in *Rickey* was merely intended to ensure that recovery for negligent infliction of emotional distress was limited to foreseeable distress accompanied by definite damages. She contended that her distress was foreseeable. The *Gihring* court rejected plaintiff's interpretation of the *Rickey* test. The court stated that *Rickey* requires the plaintiff to allege that defendant's negligence put plaintiff in reasonable fear for her own personal safety in order to successfully plead a cause of action for negligent infliction of emotional distress. Since plaintiff had not so pleaded, the dismissal of her action was affirmed.

Plaintiff's assertions that the trial court erred in finding that an allegation of a family relationship between plaintiff and the direct victim is required in bystander emotional distress actions need not be addressed by this court. Nor is it necessary for us to resolve the question of whether the trial court erred in construing a portion

of the complaint as an action for loss of consortium. As already shown, plaintiff failed to state a cause of action by failing to meet the requirements of *Rickey*. It is well settled that a reviewing court is not bound by the reasons given by the trial court for its judgment. (*Citizens Utilities Co. v. O'Connor* (1984), 121 Ill. App. 3d 533, 459 N.E.2d 682.) The lower court judgment may be sustained upon any ground warranted in the record, regardless of whether it was relied on by the trial court. (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9.) The reasons given by a trial court for an order, or the findings on which an order is based, are not material if the order is correct. (*Board of Managers v. Chase Manhattan Bank* (1983), 116 Ill. App. 3d 690, 452 N.E.2d 382.) In the case at hand no set of facts could be proved by plaintiff under the pleadings which would entitle her to relief. Therefore, the trial court correctly ordered the dismissal of count II of the complaint regardless of the correctness of the reasons given by the trial court for its order.

Accordingly, the order of the trial court of McHenry County is affirmed.

Affirmed.

UNVERZAGT and SCHNAKE, JJ., concur.