(No. 45362.

SAM LENO *et al.,* Appellees, v. ST. JOSEPH HOSPITAL, Appellant.

*Opinion filed September 25, 1973.*

BAKER & McKENZIE, of Chicago (MICHEL A. COCCIA, FRANCIS D. MORRISSEY, JOHN W. DON-DANVILLE, and HARRY L. KINSER, of counsel), for appellant.

HORWITZ, ANESI, OZMON & ASSOCIATES, LTD., of Chicago (NAT P. OZMON and TIMOTHY MICHAEL O'BRIEN, of counsel), for appellees.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, St. Joseph Hospital, appeals directly to this court (Rule 302(a)) from the judgment of the circuit court of Cook County which held unconstitutional "An Act in relation to autopsy of dead bodies" (Ill. Rev. Stat. 1971, ch. 91, pars. 18.11 through 18.15) and awarded damages to plaintiff Sam Leno in the amount of $1,000.

Plaintiffs Sam Leno and Ralph Leno filed this action in the circuit court of Cook County, alleging that defendant, without proper authorization, had performed an autopsy on the body of their brother, Peter Leno, who had been confined to the hospital for several weeks prior

to his death. The record shows that Peter Leno was survived by a wife who "was incapacitated and in a nursing home" but the parties make no issue of her status or rights. In its answer defendant stated that the autopsy was authorized, in writing, by plaintiff Ralph Leno. After a bench trial, the court found that Ralph Leno had knowingly consented to the autopsy; that Sam Leno had no notice that an autopsy was to be performed and had not consented to its being done; that neither plaintiff had sustained any physical or pecuniary loss, but that both had suffered emotionally and mentally. Holding the statute unconstitutional, the court found that Ralph Leno's consent did not bind Sam Leno, and awarded Sam Leno damages in the amount of $1,000.

Defendant, as grounds for reversal, contends that "rights to a dead body exist only as a matter of legislative grace and may therefore be properly regulated by the legislature." It argues that "Public policy favoring the performance of autopsies for medical investigation is so strong that even if rights to a dead body did exist, they could be statutorily regulated or restricted without violating the Illinois or United States Constitutions."

Although the parties have briefed and argued several grounds upon which plaintiffs contend the statute is invalid, the only questions presented in this appeal are whether the Autopsy Act is unconstitutional because it permits one "surviving relative" to authorize an autopsy, and for the reason that it does not require notification of, and authorization by, all the "surviving relatives." In support of their position plaintiffs argue "that the case law in Illinois *** establishes the right to bury decently, and the auxiliary right to be free from tortious interference with that right, as fundamental rights, liberties or species of 'property' to be afforded the protection of due process of law. Plaintiffs' position in this regard is very simple: it is fundamentally unfair to deprive a person of a substantial right without some reasonable provision of notice."

Section 1 of the Act (ch. 91, par. 18.11(c)) defines 'surviving relative" as "the spouse, an adult child, the parent, or an adult brother or sister of the decedent." Section 2 states that:

> "Any physician may perform an autopsy upon the body of a decedent; provided,
>
> a. he has written authorization from the decedent to do so; or
>
> b. a written authorization from a surviving relative who has the right to determine the method for disposing of the body or a next of kin or other person who has such right;
>
> \* \* \*
>
> d. where 2 or more persons have equal right to determine the method for disposing of the body, the authorization of only one such person shall be necessary, unless, before the autopsy is performed, any others having such equal right shall object in writing or, if not physically present in the community where the autopsy is to be performed, by telephonic or telegraphic communication to the physician by whom the autopsy is to be performed, in which event, the authorization shall be deemed insufficient."

The principle is firmly established that while in the ordinary sense, there is no property right in a dead body, a right of possession of a decedent's remains devolves upon the next of kin in order to make appropriate disposition thereof, whether by burial or otherwise. (See *People v. Harvey, 286 Ill. 593; Palenzke v. Bruning, 98 Ill. App. 644; Mensinger v. O'Hara, 189 Ill. App. 48.*) There appears to be no question of the right, under the police power, to perform an official autopsy on the body of a person who dies under suspicious circumstances (Ill. Rev. Stat. 1971, ch. 31, par. 10.2), and the right of the next of kin to grant or deny authority for a private or unofficial autopsy is equally clear. Annot., Liability for Performing an Autopsy, 82 A.L.R.2d 955 (1962); Waltz, Legal Liability for Unauthorized Autopsies and Related Procedures, 16 J. For. Sci. 1 (1971); The Private Autopsy: Problems of

Consent, 41 Denver L.J. 239 (1964); Holder, Unauthorized Autopsies, 214 J.A.M.A. 967 (1970); Groll and Kerwin, The Uniform Anatomical Gift Act: Is the Right to a Decent Burial Obsolete?, 2 Loyola U.L.J. 275 (1971).

The great majority of autopsies are of the nonofficial type and "in the hospital practice of pathology, the problem of proper authority to perform a private autopsy on the body of a deceased patient arises regularly." (41 Denver L.J. 239.) Many of the States have enacted statutes which provide, either explicitly or implicitly, that a nonofficial autopsy may be performed upon the authorization of only one of the next of kin (explicit: see, *e.g.*, *Arkansas,* Ark. Stat. Ann. sec. 82—406 (Repl. Vol. 1960), *Colorado,* Colo. Rev. Stat. Ann. sec. 91—1—33 (1964), *Connecticut,* Conn. Gen. Stat. Ann. sec. 19—143 (Supp. 1969), *Delaware* Del. Code Ann., tit. 24, sec. 1777, tit. 13, sec. 707 (Supp. 1970), *Florida,* Fla. Stat. Ann. sec. 872.04 (Supp. 1971), *Georgia,* Ga. Code Ann. sec. 21—206 (Recomp. Vol. 1965), *Hawaii,* HRS tit. 25, sec. 453.15 (1968), *Idaho,* Idaho Code Ann. sec. 54—1817 (Supp. 1969), *Indiana,* Ind. Ann. Stat. secs. 35—4401, 35—4406 (Supp. 1971), *Kansas,* Kan. Stat. Ann. sec. 65—2893 (Supp. 1970), *Kentucky,* Ky. Rev. Stat. Ann. sec. 72.070 (1969), *Maryland,* Md. Code Ann. art. 43, sec. 131 (1971), *Michigan,* Mich. Stat. Ann. sec. 14.524 (Rev. Vol. 1969), *Mississippi,* Miss. Code Ann. 7158—08 (Supp. 1971), *Missouri,* Mo. Ann. Stat. sec. 194—115 (1962), *New Jersey,* N.J. Stat. Ann. sec. 26:6—50 (1964), *Ohio,* Ohio Rev. Code Ann. secs. 2108.50 to 2108.52 (Supp. 1970), *Oklahoma,* Okla. Stat. Ann. tit. 21, sec. 1154 (Supp. 1967), *Pennsylvania,* Pa. Stat. Ann. tit. 35, secs. 1111, 1112 (1964), *South Carolina,* S.C. Code Ann. secs. 32—558, 11—157 (Supp. 1971), *South Dakota,* S.D. Comp. Laws sec. 34—26—2 (1967), *Tennessee,* Tenn. Code. Ann. sec. 53—513 (Repl. Vol. 1966), *Texas,* Tex. Code Crim. Pro. Ann. art. 49.65 (Supp. 1972), *West Virginia,* W. Va. Code Ann. sec. 16—4B—1 (1966), and *Wisconsin,* Wis. Stat. Ann.

sec. 155.05 (1957); Implicit: see, *e.g.*, *Arizona,* Ariz. Rev. Stat. Ann. secs. 36–831, 832 (1956), *California,* Cal. Health and Safety Code Ann. sec. 7113–14 (West, 1970), *Nebraska,* Neb. Rev. Stat. secs. 71–1339, 71–1341 (Reissue 1966), *New Mexico,* N.M. Stat. Ann. secs. 12–7–9 to 10 (Supp. 1967), *North Carolina,* N.C. Gen. Stat. secs. 90–217–220 (Repl. ed. 1865), *Oregon,* Ore. Rev. Stat. sec. 97.130 (Repl. Part 1961), *Utah,* Utah Code Ann. sec. 26–15–18 (Repl. Vol. 1969), and *Washington,* Wash. Rev. Code Ann. sec. 68.08.100 (Supp. 1971)). We note, too, that the Uniform Anatomical Gift Act (Ill. Rev. Stat. 1971, ch. 3, par. 551 *et seq.*), section 3 of which (par. 553) provides that one member of the survivors listed may donate all or parts of a decedent's body to qualified donees for scientific purposes, has been adopted by almost all of the States and the District of Columbia. S.H.A. 1971 pocket part, p. 111.

In support of their contention that the statute is unconstitutional because it permits authorization of an autopsy by one surviving relative, plaintiffs argue that "The General Assembly cannot abrogate, modify, restrict or abolish a common law right existing in living persons in a manner which effects a denial of constitutional guarantees." From our examination of the statute and the authorities, we conclude that the provision that an autopsy may be authorized by one of two or more persons with equal right to determine the method for disposing of the body does not abolish, restrict or abridge any common-law right which the plaintiffs enjoyed. The common-law "right" is the right to bury decently, and there was no requirement of unanimity on the part of those who were of equal status concerning the place or mode of burial. Nor are we persuaded that the absence of a provision that all of the surviving kin be given notice renders the statute invalid. In the situation presented by this record the question of whether due process requires notice must be examined in the light of whether the survivor's potential

injury by reason of failure to receive notice outweighs the public interest in a prompt decision of whether an autopsy is to be performed. (*Goldberg v. Kelly, 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011.*) The testimony of Dr. Lees, professor of surgery at Loyola University Stritch School of Medicine, demonstrates, as does a vast body of medical literature, that the knowledge gained in performance of autopsies has contributed greatly to the advancement of medical science. The testimony shows, too, that to be of value, an autopsy should be performed within 48 hours of death. In our opinion the statute is framed to take cognizance of the fact that in the vast majority of deaths one or two members of the family ordinarily make the necessary arrangements for burial and that in many cases the exact whereabouts, at a given moment, of all of the next of kin may not be known. Just as the practicalities of arranging for burial permit a determination by less than all of the survivors with respect to the selection of a mortuary, whether a body is to be cremated or interred, and, if interred, where, so does the statute permit a physician to rely on the authorization of one individual upon whom it confers the right to authorize an autopsy. In our opinion, the statute provides adequate safeguards for the rights of the survivors, and we hold that it is not violative of the due-process or equal-protection clauses of either the United States or Illinois constitutions.

With respect to plaintiffs' contention that the statute is invalid by reason of its failure to require that notice be given to every survivor of equal right to consent to the autopsy, we have previously noted that the Uniform Anatomical Gift Act contains no such requirement. We note further that section 95 of the Probate Act (Ill. Rev. Stat. 1971. ch. 3, par. 95) contains no requirement that notice be given to parties in rank of preference equal to that of the petitioner for issuance of letters of administration, and that section 99 (par. 99) requires notice only to those parties who are entitled to petition for letters in

preference to the petitioner. We are not persuaded that a more stringent requirement for notice is required to hold the Autopsy Act valid.

Plaintiffs contend the statute is unconstitutional in that it discriminates against certain classes of survivors who are not adults. Since plaintiffs are not members of that class they are without standing to challenge the statute on that ground. *Rosewood Corp. v. Fisher, 46 Ill.2d 249, 259; Schreiber v. County Board of School Trustees of Peoria County, 31 Ill.2d 121, 125; Chicago Cosmetic Co. v. City of Chicago, 374 Ill. 384, 394.*

Plaintiffs contend further that the statute violates the guarantees of freedom of religion contained in the first amendment. They argue that section 4 of the Act (par. 18.14) "appears to provide protection for Christian Scientists" and is therefore, discriminatory. We do not find it necessary to define the provisions of section 4 nor discuss their validity for the obvious reason that this record presents no issue to which they are relevant. *People v. Palkes, 52 Ill.2d 472, 480.*

Finally, plaintiffs contend that the Act is unconstitutional for the reason that it is overly broad. We have considered the argument presented on the issue and find it to be without sufficient merit to require further discussion.

For the reasons stated, the judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*