LORENDA HEARON, Plaintiff-Appellant, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.—LORENDA HEARON, Plaintiff-Appellee, v. THE COUNTY OF COOK *et al.*, Defendants-Appellants.

First District (4th Division)   Nos. 85—1101, 85—1173 cons.

Opinion filed June 30, 1987.

Richard M. Daley, State's Attorney, of Chicago (Susan Condon, Assistant State's Attorney, of counsel), for appellants County of Cook and Eupil Choi.

Robert L. Caplan, of Law Offices of Arthur S. Gomberg, P.C., of Hinsdale (Sheldon S. Gomberg, of counsel), for Lorenda Hearon.

Richard M. Daley, State's Attorney, of Chicago (Henry A. Hauser, Joan S. Cherry, and Susan Condon, Assistant State's Attorneys, of counsel), for appellee Robert Stein.

Judson H. Miner, Acting Corporation Counsel, of Chicago (Mary K. Rochford and Maureen Jeannette Kelly, Assistant Corporation Counsel, of counsel), for other appellees.

JUSTICE JIGANTI delivered the opinion of the court:

This action arises out of the death and disposition of the body of Kenneth Hearon, the husband of the plaintiff, Lorenda Hearon.

On May 12, 1979, Kenneth Hearon was stabbed in the chest with a knife and later found by Chicago police officers, who took him to the emergency room of St. Joseph's Hospital. He was pronounced dead upon arrival. The police officers then transported the body to the medical examiner's office, where the matter was assigned to Eupil Choi, M.D., for processing. Choi performed an autopsy upon the body which included opening the chest cavity to reveal a lacerated heart and also included conducting an examination of the cranial area by making a surgical incision in the skull. Approximately 30 days later, the body, which remained unclaimed, was transferred by the county to a cemetery for burial. Hearon was not contacted regarding either the death of her husband or the subsequent disposition of his body.

Four months later, in October of 1979, Hearon learned of the death of her husband after a bill collector from St. Joseph's Hospital contacted her regarding the emergency room charges for services rendered to her husband the previous May. After the body had been exhumed in November, the county requested that Hearon identify the body, which apparently had decomposed by that time. Thereafter, Hearon brought this action for damages based upon the intentional infliction of emotional distress and the interference with the next of

kin's right to possession and preservation of the body of the deceased. Named as defendants were the city of Chicago, the police officers, R. Wallander, J. Modelski and R. Sannicandro, who had been assigned to investigate the stabbing, the county of Cook, the Cook County medical examiner Robert Stein, Dr. Eupil Choi, St. Joseph's Hospital and the funeral home and its directors who handled the burial and the cemetery at which Hearon was buried. The hospital, the funeral home and its directors, and the cemetery are no longer part of this litigation.

Upon Hearon's motion for leave to file a fifth amended complaint, the trial court granted leave as to the defendants county of Cook and Dr. Choi. With regard to the remaining defendants, Hearon's motion was denied, giving rise to this appeal. The defendants county of Cook and Dr. Choi are before this court by way of permissive interlocutory appeal. By either route, the question is whether Hearon has stated a cause of action for the intentional infliction of emotional distress and for the interference with her right to possession and preservation of her husband's body.

■■ To state a cause of action for the intentional infliction of emotional distress, the plaintiff must allege facts that establish that the conduct of the defendant was extreme and outrageous; that the emotional distress suffered by the plaintiff was severe; and, in cases where the plaintiff alleges that the defendant's conduct was "reckless," that the defendant's conduct was such that the defendant knew severe emotional distress would be certain or substantially certain to result. *Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85, 89-90, 360 N.E.2d 765.

The determination of whether the defendant's conduct can be characterized as extreme and outrageous depends upon the facts of each case. (*Knierim v. Izzo* (1961), 22 Ill. 2d 73, 86, 174 N.E.2d 157.) Here, Hearon seeks damages for the intentional infliction of emotional distress against the defendants, the county of Cook, the medical examiner Robert Stein, Dr. Choi, the city of Chicago and certain Chicago police officers. As to the county, Hearon essentially makes three allegations in support of her theory of emotional distress. These allegations relate to the manner in which the autopsy was conducted by Dr. Choi, the lack of notification that the plaintiff received about the death and disposition of her husband's body and the viewing of the body after it was exhumed by the county. Essentially the same allegations are contained in the counts against the other defendants. For purposes of this appeal, analysis of the allegations against the county will be dispositive of all the counts in the complaint.

■ Specifically, Hearon alleges that because identification of Kenneth Hearon was known and readily accessible to Cook County employees, the disposition of his body and the retention of his papers was in conscious disregard of, and in utter indifference to, her right to the body and papers of her husband. Hearon also alleges that the part of the autopsy conducted by Dr. Choi in which Dr. Choi made an incision in Kenneth Hearon's skull was unnecessary in light of the fact that a visual examination of the body would have been sufficient to reveal the cause of death. Accordingly, argues Hearon, the continuation of the autopsy by Dr. Choi was in conscious disregard of, and with utter indifference to, her right to the body of her husband without unnecessary mutilation. Further, Hearon alleges that without any warning to her as to what she was about to view, the employees of the medical examiner's office requested her to view the body of Kenneth Hearon and that in viewing him, she saw that his body was in a condition of mutilation and decomposition and apparently revealed an ⅛- to ½-inch separation between the scalp area and the rest of the face. As a direct and proximate result of the foregoing conduct, Hearon alleges that she suffered severe and extreme emotional distress.

It is evident from these allegations that the circumstances encountered by Hearon were emotionally upsetting and we acknowledge the unfortunate nature of this experience. Nevertheless, when considering Hearon's allegations in light of the factors outlined above, we do not believe she has stated a cause of action.

■ First, Hearon's allegation that the incision made by Dr. Choi in Kenneth Hearon's skull was unnecessary due to the fact that a visual examination of the body would have revealed the cause of death is merely a conclusion. There are no facts alleged to show that the autopsy performed was not within the bounds of normal practice or that there was no plausible explanation for Dr. Choi's conduct or the conduct of the county in failing to notify her of her husband's death. Second, we do not view the defendants' conduct with regard to the individual allegations, or the cumulative effect of all the allegations, to be extreme or outrageous. To impose liability, the conduct has to be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency. (*Plocar v. Dunkin' Donuts of America, Inc.* (1981), 103 Ill. App. 3d 740, 745-46, 431 N.E.2d 1175, quoting Restatement (Second) of Torts sec. 46, comment *d* (1965).) Neither the act of failing to notify Hearon as to the death and subsequent disposition of her husband's body nor the request of Hearon to later view the body after it had been exhumed could be considered as conduct

that goes beyond all possible bounds of decency. We also do not believe that the distress that was suffered as a result of this conduct was so severe that no reasonable person could be expected to endure it. (Restatement (Second) of Torts sec. 46, comment *j* (1965); Prosser, Torts sec. 12, at 54 (4th ed. 1971).) Third, liability extends to situations in which there is a high degree of probability that severe emotional distress will follow and the actor goes ahead in conscious disregard of that probability. (Restatement (Second) of Torts sec. 46, comment *i* (1965); W. Prosser, Torts sec. 12, at 60 (4th ed. 1971).) Although the plaintiff alleges that the defendants' conduct was in conscious disregard of, and in utter indifference to, the rights of the plaintiff, there are no facts alleged nor does a reading of the complaint as a whole support the conclusion that any of the defendants continued to act in the face of a high degree of probability that severe emotional distress would ultimately occur. Hearon cannot reasonably contend that the defendants knew that severe emotional distress was certain or substantially certain to result from their acts of five months prior. (See *Neuberg v. Michael Reese Hospital & Medical Center* (1978), 60 Ill. App. 3d 679, 685, 377 N.E.2d 215.) Consequently, in light of the fact that the factual allegations in Hearon's complaint fall short of demonstrating that the defendants engaged in extreme and outrageous conduct, Hearon has failed to state a cause of action for the intentional infliction of emotional distress.

⬛ The second cause of action upon which Hearon seeks damages is based upon the right of the next of kin to possession and preservation of the body of the deceased. While there is no property right in the dead body itself, a right to possession of the decedent's remains devolves upon the next of kin in order to make appropriate disposition thereof. (*Leno v. St. Joseph Hospital* (1973), 55 Ill. 2d 114, 117, 302 N.E.2d 58.) In order to state a cause of action, a plaintiff must demonstrate that the defendant's conduct was wilful and wanton. (*Mensinger v. O'Hara* (1914), 189 Ill. App. 48.) Generally, wilful and wanton implies an act done intentionally and without regard to the rights of others. (*Pendowski v. Patent Scaffolding Co.* (1980), 89 Ill. App. 3d 484, 411 N.E.2d 910.) Although Hearon alleges that the defendants' conduct was reckless, the legal equivalent of wilful and wanton, in reviewing the complaint it is apparent that the allegation of recklessness is a legal conclusion unsupported by specific facts. There is no indication in the complaint that the defendants' acts were done with any purpose to consciously disregard or invade the rights of the plaintiff. There are no facts to support the allegation that the conduct of the defendant Choi in performing the autopsy was unnecessary. Nor is

638

there an allegation demonstrating that the unfortunate failure to notify the plaintiff of the disposition of her husband's body was due to anything more than inadvertence. Accordingly, we do not believe the plaintiff's complaint demonstrates the element of wilfulness that is required to state a cause of action for damages for the interference of the plaintiff's right to the possession of the body of Kenneth Hearon.

For the foregoing reasons, the trial court order of July 25, 1984, granting the plaintiff's motion to file a fifth amended complaint as to Cook County and Dr. Choi is reversed. That part of the order denying the plaintiff leave to file as to the remaining defendants is affirmed. And, in response to the questions raised in the permissive interlocutory appeal, the plaintiff has not stated a cause of action for intentional infliction of emotional distress or the interference with her right to the body of the deceased.

Reversed in part; affirmed in part.

JOHNSON and LINN, JJ., concur.