SHERRY E. KELSO, Adm'r of the Estate of Lisa L. Kelso, Deceased, *et al.*, Plaintiffs-Appellants, v. JOHN WATSON, d/b/a Foley-Watson Mortuary, *et al.*, Defendants-Appellees.

Third District   No. 3—90—0070

Opinion filed September 11, 1990.—Rehearing denied November 30, 1990.

Michael J. Warner, of Braud/Warner, Ltd., of Rock Island (Duane Thompson, of counsel), for appellants.

Burrel Barash, of Barash, Stoerzbach & Henson, of Galesburg, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Plaintiffs, administrator of the estate of Lisa Kelso, deceased, and her next of kin, brought suit against defendant mortuary and mortician claiming damages for intentional infliction of emotional distress and improper disposal of the decedent's body. On defendant's motion, all four counts of the original complaint were dismissed for failure to state a cause of action. Plaintiffs amended counts II and IV, and defendant renewed his motion to dismiss. Af-

ter a further hearing, the court granted defendant's motion and proposed to grant plaintiffs leave to further amend, but plaintiffs' counsel stated that he could not improve on the allegations. The court, accordingly, dismissed both counts of the amended complaint with prejudice, and this appeal followed. The dismissal of counts I and III, brought by the administrator, has not been appealed.

The amended complaint alleges in count II that defendant owed plaintiffs a duty to refrain from willful and wanton conduct; that in conscious disregard of this duty, defendant told plaintiffs that the decedent had acquired immune deficiency syndrome (AIDS), and that because of the disease her body had to be cremated instead of buried; that defendant "knew or should have known" that in fact decedent did not have AIDS; that had plaintiffs not been told that the decedent had AIDS they would have chosen interment as the appropriate disposition of the corpse; and that the proximate result of defendant's intentional conduct was extreme emotional distress suffered by the plaintiffs. In count IV, plaintiffs allege the same core facts and charge that defendant's willful and wanton disregard for the rights of plaintiffs as decedent's next of kin to dispose of the body in an appropriate manner caused them severe emotional distress.

■■ The standards by which we review the circuit court's dismissal were summed up in *Schaffer v. Zekman* (1990), 196 Ill. App. 3d 727, 731, 554 N.E.2d 988, 991:

> "In reviewing the circuit court's dismissal, this court must accept as true all well-pleaded facts in the complaint and all reasonable inferences which can be drawn therefrom to determine, as a matter of law, whether the pleadings state a cause of action. (*Harris Trust & Savings Bank v. Phillips* (1987), 154 Ill. App. 3d 574, 579, 506 N.E.2d 1370.) Conclusions of law or conclusions of fact not supported by allegations of specific facts will not be considered. *Davis v. Keystone Printing Service, Inc.* (1982), 111 Ill. App. 3d 427, 433, 444 N.E.2d 253."

A cause of action for intentional infliction of emotional distress can be stated if the facts alleged demonstrate:

> "(1) the defendant's conduct is so extreme and outrageous as to exceed all possible bounds of decency; (2) the emotional distress inflicted is so severe that no reasonable person could be expected to endure it; and (3) the defendant intended to inflict this distress or was substantially certain the conduct would result in severe distress." (*Berkos v. National Broad-*

*casting Co.* (1987), 161 Ill. App. 3d 476, 496-97, 515 N.E.2d 668, 680, citing *Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85, 89-90, 360 N.E.2d 765.)

As with any tort action, plaintiffs also must allege actual and proximate causation of the injury by defendant's conduct. *Debolt v. Mutual of Omaha* (1978), 56 Ill. App. 3d 111, 371 N.E.2d 373.

■ In this case, the complaint cannot withstand scrutiny because some of the essential elements are alleged in a conclusionary fashion without specific facts to support them. A mortician's telling of a lie to the next of kin concerning the decedent could, indeed, be considered outrageous conduct, especially where that lie accuses the deceased of having contracted an odious, sexually transmittable disease like AIDS. Cremation of a corpse against the wishes of the next of kin, if done maliciously, out of ill will or spite, likewise could be conduct sufficiently outrageous to support that element of the tort.

The intent and injury allegations, however, are purely conclusionary. With respect to the former, plaintiffs allege merely that defendant "knew or should have known that plaintiff's decedent did not have AIDS." There are no facts to support the bald allegation that defendant intended to cause or recklessly disregarded the probability that plaintiffs would be emotionally distressed. We cannot tell from the allegations whether defendant knew that the decedent did not have AIDS at the time he discussed cremation with the plaintiffs. There are no facts from which we can determine how defendant knew in fact that the decedent did not have AIDS or why he should have known that she did not have the disease. If, for example, defendant possessed a death certificate stating that the decedent died from causes other than AIDS at the time he told plaintiffs otherwise, this fact should have been alleged. Nor are there facts alleged demonstrating that defendant knew that decedent's cremation would cause emotional distress to plaintiffs.

With respect to the allegations of injury, plaintiffs allege only that the decedent was cremated and that "as a proximate result of the defendant's conduct, *** plaintiff's decedent's next of kin underwent and continue to undergo extreme emotional distress." This bald allegation is unsupported by any factual allegation that demonstrates why cremation was particularly repugnant to plaintiffs, or why no reasonable person could expect to endure the degree of emotional distress inflicted upon them. If, for example, the next of kin held religious or moral beliefs that cremation was particularly immoral or offensive, such beliefs were not alleged.

Because all essential elements of the tort of intentional infliction of emotional distress were not alleged with sufficient factual specificity, the trial court did not err in dismissing amended count II of the complaint.

█▌ █ Plaintiffs' count IV is similarly flawed. To state a cause of action based on the right of the next of kin to possession and preservation of the body of a decedent, plaintiffs must demonstrate by specific facts that defendant's conduct was willful and wanton. (*Hearon v. City of Chicago* (1987), 157 Ill. App. 3d 633, 637, 510 N.E.2d 1192, 1195, citing *Mensinger v. O'Hara* (1914), 189 Ill. App. 48.) Plaintiffs here allege only the legal conclusion "[t]hat the defendant knowingly and in a conscious disregard for the rights of the next of kin, did violate the aforesaid duty [not to willfully or wantonly violate the rights of the next of kin to make appropriate disposition of decedent's corpse] by knowingly and willfully cremating decedent's corpse." Without any facts to support the allegation that defendant knew the decedent did not have AIDS and without an allegation that plaintiffs had made known to defendant their desires that the decedent's body be interred, there is no factual support for the intent element in count IV.

As aforesaid, plaintiffs' counsel made it clear in the circuit court that plaintiffs could not improve upon their complaint. Having determined that the court correctly found that both counts failed to state a cause of action, we must affirm the judgment of dismissal with prejudice.

The judgment of the circuit court is affirmed.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.