399 So.2d 1050 (1981)
Leslie CLAYCOMB and City of St. Petersburg, a Municipal Corporation, Appellants,
v.
Sherman A. EICHLES and Louise Eichles, His Wife, Appellees.
No. 80-432.
District Court of Appeal of Florida, Second District.
June 10, 1981.
Larry D. Brown, Asst. City Atty., and Michael S. Davis, Chief Asst. City Atty., St. Petersburg, for appellants.
*1051 David B. Kesler and W.G. Bostick, Jr., of the Law Offices of David B. Kesler, St. Petersburg, for appellees.
DANAHY, Judge.
Appellants are a St. Petersburg police officer (Claycomb) and the City of St. Petersburg. Appellees (the Eichles) are residents of St. Petersburg who unknowingly purchased a stolen Cadillac. They brought this action to recover damages for the alleged wrongful actions of Claycomb in taking possession of the Cadillac from the Eichles, impounding it, and returning it to the original owner, a Mr. Hellman. In a separate action for replevin, the Eichles were successful in regaining possession of the Cadillac from Mr. Hellman.
In this suit the Eichles demanded damages on theories of negligence and intentional infliction of severe emotional distress. They presented expert testimony to establish that they both suffered physical injury from the emotional distress of the incident. The trial judge submitted the case to the jury on both the issues of negligence and intentional infliction of severe emotional distress. Using a special verdict form, the jury returned a verdict finding Claycomb negligent but expressly finding that his actions were not malicious, reckless or wanton. The jury awarded damages of $40,000 to the Eichles. Judgment was entered thereon and this appeal followed.
Of the issues raised by appellants on this appeal, we find one to have merit. The trial judge instructed the jury that it could award damages to the Eichles for mental anguish. Although that instruction may have been intended to apply only if the jury found intentional infliction of emotional distress, it was not so limited. The rule in Florida is that damages may not be recovered for mental anguish or physical injury resulting from emotional stress caused by the negligence of another, in the absence of a physical impact upon the plaintiff. Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974). Clearly there was no physical impact in this case. Under such circumstances, an instruction permitting the jury to award damages for mental anguish upon a finding of negligence is erroneous.
REVERSED and REMANDED for a new trial.
SCHEB, C.J., and BOARDMAN, J., concur.