(Nos. 55962, 55963 cons.—

ROBERT RICKEY, a Minor, Appellee, v. CHICAGO TRANSIT AUTHORITY *et al.* Appellants.

*Opinion filed June 17, 1983.*

French, Rogers, Kezelis & Kominiarek, P.C., of Chicago (Richard G. French, Dorothy F. French and Charles W. Planek, of counsel), for appellant United States Elevator Company.

Norman J. Barry and Daniel Cummings, of Chicago (Rothschild, Barry & Myers, of counsel), for appellant Chicago Transit Authority.

James J. Reidy, Ltd., of Chicago (James J. Reidy, William A. Murphy, Gerald M. Chapman, and Donna A. Reidy, of counsel), for appellee.

JUSTICE WARD delivered the opinion of the court:

Robert Rickey, a minor, brought an action by his mother and next friend, Janet Rickey, to recover damages for emotional distress allegedly suffered when he viewed an accidental injury to his brother, Richard, who, with Robert, was standing on a descending escalator. The complaint sought recovery from defendants Chicago Transit Authority (CTA), Midland Elevator Company (Midland Elevator) and United States Elevator Company (United States Elevator) upon the theory of negligence, and from defendant Otis Elevator Company (Otis Elevator) upon the theory of strict product liability. The escalator involved here had been designed, manufactured, and sold to the CTA by Otis Elevator. Midland Elevator had contracted to inspect and repair the CTA's escalators. Midland Elevator had been merged with United States Elevator in 1971. The circuit court of Cook County held that there is no cause of action for emotional distress caused by the negligence of another,

absent a contemporaneous physical impact upon the bystander-plaintiff, or for emotional distress under a strict product liability theory, and granted the defendants' motion to dismiss the complaint with prejudice. The appellate court affirmed the dismissal of the complaint as to defendant Otis Elevator, but reversed the judgment as to the other defendants and remanded the cause to the circuit court. (101 Ill. App. 3d 439.) The appellate court denied applications by the CTA and United States Elevator for a certificate of importance to this court under our Rule 316 (73 Ill. 2d R. 316). We granted and consolidated the petitions for leave to appeal of the CTA and of United States Elevator (73 Ill. 2d R. 315).

The question presented by the appellate court's judgment is whether a bystander who did not suffer physical injury or impact at the time of the occurrence may recover damages for emotional distress which resulted from witnessing an injury to his brother caused by the defendants' negligence.

On February 12, 1972, Robert, who was then eight years old, and Richard, then five years old, were descending on a subway escalator owned and operated by the CTA. Part of Richard's clothing became entangled in the mechanism at the base of the escalator, and he was choked and could not breathe for a substantial period of time. A comatose condition resulted, and Richard remained in a coma as of February 11, 1980, when the complaint here was filed. The complaint stated that he will be permanently confined to a nursing-care facility. The accident occurred in the presence of and was witnessed by Robert. The complaint did not allege that he suffered any impact or injury at the time and did not allege that he was in danger of harm.

The complaint alleged that, as a result of witnessing the accident and injury to his brother, Robert sustained severe mental and emotional distress and psychiatric trauma. It

alleged that the emotional distress became manifest in physical injury, including "definite functional, emotional, psychiatric and behavorial disorders, extreme depression, prolonged and continuing mental disturbances, inability to attend school and engage in gainful employment and to engage in his usual and customary affairs."

In this State recovery for negligently caused emotional distress suffered by the direct victim or by a bystander who witnesses the injury of another has been consistently denied unless it was accompanied by a contemporaneous physical injury to or impact on the plaintiff. *Braun v. Craven* (1898), 175 Ill. 401; *Carlinville National Bank v. Rhoads* (1978), 63 Ill. App. 3d 502; *Kaiserman v. Bright* (1978), 61 Ill. App. 3d 67; *Neuberg v. Michael Reese Hospital & Medical Center* (1978), 60 Ill. App. 3d 679.

The appellate court panel here noted that this court in *Knierim v. Izzo* (1961), 22 Ill. 2d 73, recognized that even without contemporaneous physical impact or injury there may be a recovery for intentionally inflicted emotional distress. It is obvious that in *Knierim v. Izzo*, however, the circumstances were sharply dissimilar from those here. In that case there was an intentional infliction of emotional distress, not simply mental distress caused by another's negligence. Too, the intentional conduct of the defendant was extreme and outrageous. This court said that "it is the outrageous nature of [the defendant's] conduct that forms the basis for the action." (22 Ill. 2d 73, 88; see also *Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85 (another "outrageous" tort decision) and Prosser, *Intentional Infliction of Mental Suffering: A New Tort*, 37 Mich. L. Rev. 874 (1939).) It is clear that *Izzo* cannot be applied to the circumstances here. (See Restatement (Second) of Torts sec. 46, comment *d* (1965).) The appellate court itself noted that "[t]he plaintiff does not claim that the injuries of which he complains were caused by an intentional act on the part of the defendants." 101 Ill. App. 3d 439, 440.

The defendants contend that the appellate court panel attempted to overrule this court's long-standing holding in *Braun v. Craven* (1898), 175 Ill. 401, where it was decided that a plaintiff complaining of emotional distress cannot recover unless he suffered a physical injury or impact. They say that the nature of our court system requires that law established by this court's decision be followed when the question decided arises again before a court. If precedent is not judicially respected, the uniformity and stability of decision, which is essential to the proper administration of justice, will be destroyed. The appellate court panel usurped the function of this court, it is said, and created a conflict in appellate court decisions. *Beagley v. Andel* (1978), 58 Ill. App. 3d 588, is cited. There the appellate court properly observed: "It is fundamental that appellate courts are without authority to overrule the supreme court or to modify its decisions." 58 Ill. App. 3d 588, 591.

The appellate court panel here acknowledged that in this State recovery has been consistently barred unless there was a contemporaneous physical injury or impact suffered by the plaintiff. It noted too: "The appellate court has repeatedly followed the *Braun* decision. [Citations.]" (101 Ill. App. 3d 439, 440.) The panel observed that the defendants asserted that it "lack[ed] authority to award relief *** [and was] duty bound" to follow the decision of this court in *Braun v. Craven.* (101 Ill. App. 3d 439, 441.) The panel responded that ordinarily it would be improper for the appellate court to deviate from the decisions of this court, but the panel said: "However, the subsequent history of the impact rule and the development of the law in areas dealing with mental distress convince us that a reevaluation of the rule is proper." (101 Ill. App. 3d 439, 441.) It appears to be accepted that there was a drafting by the panel of a new standard for cases of this character. See 1 J. Dooley, Torts sec. 15.10, at 44 (1982 Supp.), where the interpretation of the panel's holding is: "The Illinois

appellate court has abandoned the impact rule in favor of a Dillon-like rule for negligent infliction of emotional injury."

*Gilliam v. Stewart* (Fla. 1974), 291 So. 2d 593, is a case with remarkable resemblance to what we are considering here. There the District Court of Appeal of Florida appeared openly to overrule or attempt to overrule the holding of the Supreme Court of Florida that in the absence of impact no recovery could be had by one suffering physical injury resulting from emotional distress induced by another's negligent conduct. The supreme court, in affirming its adherence to the requirement of injury or impact, said that only it could overrule its own decisions. It observed that while one should not necessarily infer that its decisions were always correct, the system did provide for the uniform operation of law throughout Florida. The court noted that if the parties had not elected to take *certiorari,* the decision of the District Court of Appeal would have become final and would have created a decision contrary to others within the State's body of law on the question. The court approved the observation of a dissenting judge that if the impact doctrine was to be abandoned the change should be made by the Supreme Court of Florida.

Here the appellate court panel denied motions by the CTA and by United States Elevator for the issuance of a certificate of importance. Had petitions for leave to appeal not been filed, the opinion of the panel would have stood without challenge and in contradiction to what the panel itself noted, namely, the consistent following of the *Braun* decision by the appellate court.

The significance of *stare decisis et non quieta movere* does not require extended discussion here.

There is a broad range of opinion as to whether recovery should be permitted in the case of negligent infliction of emotional distress. In Annot., 64 A.L.R.2d 100, 103 (1959), the observation appears: "The case law in the field here treated is in an almost unparalleled state of confusion

*** "

The underlying question is, of course, whether any person who suffers emotional distress can recover, but the question here specifically is whether a bystander at the injury of another who, generally under the decisions, is a close relative of the bystander can recover.

In a number of jurisdictions the so-called "impact rule" still governs the question of recovery for emotional distress. In those jurisdictions, which, as stated, has included Illinois, there must have been a contemporaneous physical injury or impact to permit recovery by a bystander. See, e.g., *Hartford v. Max Rouse & Sons Northwest* (1980), 100 Idaho 840, 606 P.2d 944; *Claycomb v. Eichles* (Fla. App. 1981), 399 So. 2d 1050; *Howard v. Bloodworth* (1976), 137 Ga. App. 478, 224 S.E.2d 122.

The impact rule was at one time followed in the majority of jurisdictions. Today it is clear that most jurisdictions no longer require contemporaneous physical impact or injury for a cause of action for emotional distress. A significant reason for its loss of adherents was that courts quickly began to find that the impact requirement had been met through minor physical contacts which in reality were insignificant and played trivial or no part in causing harm to the plaintiff. The requirement of "impact" often became purely formal, and it was satisfied by a slight jolt or jar (*Louisville & Nashville R.R. Co. v. Roberts* (1925), 207 Ky. 310, 269 S.W. 333); or "any degree of physical impact, however slight" (*Zelinsky v. Chimies* (1961), 196 Pa. Super. 312, 318, 175 A.2d 351, 354); or even dust in the eye (*Porter v. Delaware, L. & W.R. Co.* (1906), 73 N.J.L. 405, 63 A. 860). Illustrating that the impact rule suffers continuing losses in its following, the Supreme Court of Missouri this year in *Bass v. Nooney Co.* (Mo. 1983), 646 S.W.2d 765, abandoned the impact requirement. Also, the Supreme Court of Ohio in 1983, through its opinion in *Schultz v. Barberton Glass Co.* (1983), 4 Ohio St. 3d 131,

447 N.E.2d 109, announced its departure from the rule. We, too, consider that the question of recovery for emotional distress caused by another's negligence should not be determined solely on whether there was a contemporaneous physical impact upon the plaintiff.

The conclusion of the appellate court panel that the complaint here stated a cause of action was grounded on these factors: (1) the minor plaintiff was near the scene at the time of the accident; (2) there was a direct emotional impact when he witnessed the accident; and (3) the plaintiff and the victim were close relatives. The standard suggested by the court contains factors similar to those set out in *Dillon v. Legg* (1968), 68 Cal. 2d 728, 441 P.2d 912, 69 Cal. Rptr. 72. In that case, however, which the appellate panel, *inter alia*, refers to, the court stated: "[W]e deal here with a case in which plaintiff suffered a shock which resulted in physical injury and we confine our ruling to that case." (68 Cal. 2d 728, 740, 441 P.2d 912, 920, 69 Cal. Rptr. 72, 80.) It appears from the opinion of the appellate court that the panel treated the complaint as one in which damages were sought solely for "emotional distress," and that it would allow recovery for emotional disturbance or distress alone.

Were the view of the appellate court here to be accepted we consider that we would be adopting a standard that is too vaguely defined to serve as a yardstick for courts to apply, and one that is excessively broad in that it would permit recovery for emotional disturbance alone. Illustrative of apprehensions felt at following so broad a rule of recovery, the Restatement (Second) of Torts states:

"If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance." Restatement (Second) of Torts sec. 436A,

at 461 (1965).

Courts generally have been reluctant to allow recovery for purely mental or emotional distress. Although other courts have challenged these fears, courts have given as reasons for this reluctance apprehensions that the door would be opened for fraudulent claims, that damages would be difficult to ascertain and measure, that emotional injuries are hardly foreseeable and that frivolous litigation would be encouraged.

The standard that we substitute for the one requiring contemporaneous injury or impact is the standard which has been adopted in the majority of jurisdictions where this question of recovery by a bystander for emotional distress has been examined. (See, *e.g., Niederman v. Brodsky* (1970), 436 Pa. Super. 401, 261 A.2d 84; *Owens v. Childrens Memorial Hospital* (8th Cir. 1973), 480 F.2d 465 (applying Nebraska law); *Robb v. Pennsylvania R.R. Co.* (Del. 1965), 210 A.2d 709; *Stadler v. Cross* (Minn. 1980), 295 N.W.2d 552; *Tobin v. Grossman* (1969), 24 N.Y.2d 609, 249 N.E.2d 419; *Whetham v. Bismarck Hospital* (N.D. 1972), 197 N.W.2d 678; *Shelton v. Russell Pipe & Boundary Co.* (Tenn. 1978), 570 S.W.2d 861; *Guilmette v. Alexander* (1969), 128 Vt. 116, 259 A.2d 21.) That standard has been described as the zone-of-physical-danger rule. Basically, under it a bystander who is in a zone of physical danger and who, because of the defendant's negligence, has reasonable fear for his own safety is given a right of action for physical injury or illness resulting from emotional distress. This rule does not require that the bystander suffer a physical impact or injury at the time of the negligent act, but it does require that he must have been in such proximity to the accident in which the direct victim was physically injured that there was a high risk to him of physical impact. The bystander, as stated, must show physical injury or illness as a result of the emotional distress caused by the defendant's negligence. *Dailey v.*

*LaCroix* (1970), 384 Mich. 4, 179 N.W.2d 390; *Stadler v. Cross* (Minn. 1980), 295 N.W.2d 552; *Fournell v. Usher Pest Control Co.* (1981), 208 Neb. 684, 385 N.W.2d 605; Restatement (Second) of Torts sec. 436A, comment *c* (1965).

The standard we adopt here shall be applied to this case and to all cases not finally adjudicated. (See *Elliott v. Willis* (1982), 92 Ill. 2d 530, 545.) We judge that under the circumstances the plaintiff here should be permitted to plead again. What the facts of the occurrence here were cannot be precisely determined from the complaint, which of course was not drawn with the standard in mind that we announce today.

Though the appellate court appeared to regard the case as one involving solely emotional distress, the complaint here did allege resultant physical manifestations. Also, the complaint states simply that the plaintiff and his brother were descending on the escalator and that the brother's clothing became entangled in the mechanism of the escalator. We do not know the plaintiff's position or location on the escalator at the time and whether he was endangered by the claimed negligence; we do not know whether he had reasonable fear for his own safety, causing emotional distress.

For the reasons given here, the judgment of the appellate court is affirmed and the cause is remanded to the circuit court of Cook County for proceedings not inconsistent with this opinion.

*Affirmed and remanded.*