JANE HENRY, Plaintiff-Appellant, v. ST. JOHN'S HOSPITAL *et al.*, Defendants-Appellees (Breon Laboratories, Inc., *et al.*, Defendants).

Fourth District   No. 4—86—0656

Opinion filed August 18, 1987.

Ellen A. Dauber, of Cook, Shevlin & Keefe, Ltd., of Belleville, for appellant.

Richard J. Wilderson, of Graham & Graham, of Springfield, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff appeals a trial court order dismissing counts X, XII, and XIV of her fifth-amended complaint. The trial court found plaintiff

failed to state a cause of action for negligent infliction of emotional distress.

We affirm.

In reviewing the sufficiency of a complaint, all properly pleaded facts are accepted as true. (*Knox College v. Celotex Corp.* (1985), 88 Ill. 2d 407, 430 N.E.2d 976; *Gihring v. Butcher* (1985), 138 Ill. App. 3d 976, 487 N.E.2d 75; *Goldberg v. Ruskin* (1984), 128 Ill. App. 3d 1029, 471 N.E.2d 530.) In count X, plaintiff alleged that on August 17, 1982, she was admitted to St. John's Hospital in labor. One of the hospital employees injected her with Marcaine for paracervical analgesia. Plaintiff's fetus suffered hypoxia and bradycardia while *in utero*, and suffered brain damage. Plaintiff alleged St. John's Hospital negligently: used Marcaine, when it was not recommended; administered an unauthorized second paracervical block to plaintiff; and injected the drug in an unsafe manner. As a result of the alleged negligence, plaintiff received Marcaine, which caused her fetus injuries. As a result of the injuries to her fetus, plaintiff sustained pain and mental anguish.

In count XII, plaintiff alleged Dr. Shari Fitzgerald, an employee of St. John's Hospital, administered Marcaine to plaintiff while she was in labor. Fitzgerald was negligent in injecting Marcaine for the paracervical block, administering an unauthorized second paracervical block, and administering the block in an inappropriate manner and amount. As a result of the negligence, plaintiff's fetus suffered injuries while *in utero* which caused plaintiff great pain and mental anguish.

In count XIV, plaintiff alleged that Dr. O'Hern, her treating physician, negligently prescribed Marcaine for paracervical analgesia. As a result, plaintiff received Marcaine, her fetus was injured while *in utero*, and plaintiff sustained great pain and mental anguish.

In *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 457 N.E.2d 1, the court adopted the zone-of-physical-danger standard to determine when a person could recover damages for emotional distress caused by negligent injury to another. Plaintiff in *Rickey* saw his younger brother's clothing become entangled in an escalator and witnessed the resultant injury. He alleged that he suffered psychological trauma and emotional distress which manifested itself in severe depression, behavioral disorders, inability to attend school, and inability to obtain gainful employment. The *Rickey* court held that a bystander who is in the zone of physical danger and who has a reasonable fear for his own safety has a right of action for physical illness or injury resulting from the emotional distress. The bystander must

show a physical injury or illness resulting from the emotional distress.

In *Goldberg v. Ruskin* (1984), 128 Ill. App. 3d 1029, 1043, 471 N.E.2d 530, 539, parents of a child born with Tay-Sachs disease brought a medical negligence action against their physicians. Their complaint alleging emotional distress was dismissed. The Goldbergs did not allege any physical illness or injury caused by their emotional distress. The court noted that while *Rickey* eliminated the impact rule, "it gave no indication that it intended that a plaintiff, whether the direct victim of negligence or a bystander, should be able to recover damages for negligently caused emotional distress where the emotional distress is not accompanied by physical injury or illness." The court held that a physical manifestation of the emotional distress must occur whether the plaintiff was the direct victim or a bystander of the negligent act.

Plaintiff argues that *Rickey* only applies to bystanders and she was a direct victim of defendants' negligence. She contends that she need not, therefore, establish any physical manifestation of the emotional distress, relying on *Braun v. Craven* (1898), 175 Ill. 401, 51 N.E. 657. The *Braun* court enunciated the impact rule, which the *Rickey* court rejected. We note that the plaintiff in *Braun* alleged that she became physically sick, sore, and disordered as a result of the emotional trauma. In the instant case, plaintiff did not allege any physical manifestation of her emotional distress. The complaint was, therefore, properly dismissed. *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 457 N.E.2d 1; *Goldberg v. Ruskin* (1984), 128 Ill. App. 3d 1029, 471 N.E.2d 530.

For the above reasons, we affirm the trial court.

Affirmed.

SPITZ, P.J., and GREEN, J., concur.