James J. BUCKLEY and Donna Buckley, individually and as parents and next friends of Emily Buckley, a minor, Plaintiffs,

v.

JONES TRUCK LINES, INC., a corporation, and ANR Pipeline Company, a foreign corporation, Defendants.

No. 89 C 5454.

United States District Court, N.D. Illinois, E.D.

Nov. 25, 1991.

Ernest T. Rossiello, Ernest T. Rossiello & Associates, P.C., Chicago, Ill., for James J. Buckley and Donna Buckley.

David R. Schmidt, Lord, Bissell & Brook, Chicago, Ill., James W. Seitz, ANR Pipeline Co., Detroit, Mich., for ANR Pipeline Co.

Charles M. Cole, Cole, Grasso, Fencl & Skinner, Ltd., Chicago, Ill., for Jones Truck Lines, Inc.

MEMORANDUM AND ORDER

MORAN, Chief Judge.

Plaintiffs James, Donna and Emily Buckley (Buckleys) bring this action [1] against defendants Jones Truck Lines, Inc. (Jones) and ANR Pipeline Company (ANR) for damages allegedly arising from an accident in which a truck owned by Jones left the highway and collided with a natural gas metering facility owned and operated by ANR, causing an explosion.  Plaintiffs evacuated their home shortly after the acci-

1.  This case, number 89 C 5454, is one of several related cases which have been consolidated for all purposes.

dent, but their home and all its contents were subsequently destroyed. Plaintiffs are seeking damages for the loss of their personal possessions and for the negligent infliction of emotional distress. Defendants now move for partial summary judgment on plaintiffs' claim of negligent infliction of emotional distress.[2] For the following reasons, we deny ANR's motion.

## BACKGROUND

On the evening of February 21, 1988, a semi-trailer truck owned by Jones and driven by one of its employees ran off the roadway and crashed into ANR's natural gas facility, causing a large explosion, with flames rising up to 100 to 150 feet in the air, and killing the driver. The rented house in which the Buckleys lived was within several hundred feet of the ANR facility and Mr. Buckley witnessed the truck crashing into the pipeline—the family was home when the accident occurred. The Buckleys quickly awakened their daughter Emily and they evacuated their home. As they were leaving, they apparently breathed in some fumes from the accident and felt the intense heat of the fire. Within minutes of leaving the area and of breathing the fumes, the Buckleys began experiencing headaches, nausea, vomiting and diarrhea. These reactions continued throughout the night. They sought emergency room treatment on the following morning, and the reactions were completely gone by later that same day.

Mr. Buckley saw the truck driver moving around in the cab of his truck shortly before it was engulfed by flames, though neither Mrs. Buckley nor Emily saw the driver. They were safely away from the area when a second explosion occurred. The Buckleys learned early in the morning of February 22 that their house and all their personal possessions in it were destroyed by a fire ignited, presumably, by the second explosion or the intense heat.

The Buckleys claim severe emotional distress as a result of the accident—experienc-

ing sleeplessness, disturbed sleep, anxiety, depression, and post-traumatic stress disorder syndrome (supp. ans. #16)—and have sought therapy.

## DISCUSSION

Summary judgment is appropriate when there is no genuine issue as to any material fact, entitling the movant to judgment as a matter of law. Rule 56(c) of the Federal Rules of Civil Procedure provides that the court, in making a summary judgment determination, will examine the "pleadings, depositions, answers to interrogatories, and admissions on the file, together with the affidavits," resolving all doubt in favor of the non-movant. The motion will be granted if "there can be one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Illinois law concerning negligent infliction of emotional distress is controlling in this case.

### A. *Illinois Law*

Prior to 1983 the "impact rule" governed recovery for emotional distress resulting from negligent conduct. *Rickey v. Chicago Transit Authority*, 98 Ill.2d 546, 75 Ill.Dec. 211, 457 N.E.2d 1 (1983). The impact rule required a contemporaneous physical injury or impact in order for a direct victim or bystander to recover for negligent conduct. *Id.* at 553, 75 Ill.Dec. at 214, 457 N.E.2d at 4. In *Rickey*, the Illinois Supreme Court "substituted" the zone-of-physical-danger rule for the impact rule in bystander cases. *Rickey* provided the following test:

> Basically, under it a bystander who is in a zone of physical danger and who, because of the defendant's negligence, has reasonable fear for his own safety is given a right of action for physical injury or illness resulting from emotional distress. This rule does not require that the bystander suffer a physical impact or injury at the time of the negligent act, but it does require that he must have

---

**2.** Jones has briefed this motion for partial summary judgment; however, its motion is stayed. While this decision, then, resolves only defen- dant ANR's motion, we consider materials submitted by both defendants.

been in such proximity to the accident in which the direct victim was physically injured that there was a high risk to him of physical impact. The bystander, as stated, must show physical injury or illness as a result of the emotional distress caused by the defendant's negligence. *Id.* at 555, 75 Ill.Dec. at 215, 457 N.E.2d at 5.

After *Rickey*, courts disagreed as to whether *Rickey* had replaced the impact rule with the zone-of-physical-danger rule in direct-victim as well as bystander situations, or whether it had created a new rule to be used solely in bystander situations. *See McAdams v. Eli Lilly & Co.*, 638 F.Supp. 1173 (N.D.Ill.1986); *see also Robbins v. Kass*, 163 Ill.App.3d 927, 114 Ill. Dec. 868, 516 N.E.2d 1023 (2d Dist.1987). However, the Illinois Supreme Court in *Corgan v. Muehling*, 143 Ill.2d 296, 158 Ill.Dec. 489, 574 N.E.2d 602 (1991), recently made clear that the zone-of-physical-danger rule is to be applied only in bystander cases and not in cases involving direct victims. In other words, the "zone-of-physical-danger rule is patently inapplicable to direct victims." *Id.*, 158 Ill.Dec. at 492–93, 574 N.E.2d at 605–06.

Also, though *Corgan* was a case involving a direct victim of negligent conduct, the extensive *dicta* in the case casts serious doubt on the vitality of the requirement that plaintiffs must show physical manifestations of their emotional distress under either the direct-impact rule or the zone-of-physical-danger rule in order to recover. *Corgan*, 158 Ill.Dec. at 494–96, 574 N.E.2d at 607–09.[3] The *Corgan* court found that emotional distress that is not coupled with physical manifestations is "no less real"

than distress that is coupled with physical manifestations "and should not be distinguishable at law." *Id.*, 158 Ill.Dec. at 496, 574 N.E.2d at 609. The court also noted that "the women and men of the mental health care field have made significant improvements in the diagnosis, description and treatment of emotional distress," and that jurors are quite capable of determining what is and is not emotional distress. *Id.*, 158 Ill.Dec. at 496, 574 N.E.2d at 609.

**B. Whether Plaintiff is Either a Direct Victim or Within the Zone of Danger**

■ Plaintiffs would be bystanders "within an accident's zone of danger (and able to seek recovery under *Rickey* ) [if they were] sufficiently close to that accident such that [they were] subjected to a high risk of physical impact emanating *from the accident itself.*" *Corgan*, 158 Ill.Dec. at 493, 574 N.E.2d at 606, quoting *Lewis v. Westinghouse Electric Corp.*, 139 Ill.App.3d 634, 640, 94 Ill.Dec. 194, 198, 487 N.E.2d 1071, 1075 (1st Dist.1985) (Linn, J., dissenting) (emphasis in original).

There was a violent explosion in relatively close proximity to the Buckley house. The Buckleys evacuated the house because of the possibility of imminent harm from fire or additional explosions. As it turned out, the house was subsequently destroyed by such an explosion or its aftermath. After resolving all factual doubts in favor of plaintiffs, we have no difficulty finding that they were sufficiently close to the accident as to be subjected to a high risk of physical impact emanating from the accident itself. Plaintiffs, then, were bystanders in the zone of danger, as described by *Rickey* and *Corgan*.[4]

---

**3.** ANR argues that the result in *Corgan* should be limited to cases involving abuse of trust relationships, such as relationships between physical therapists and patients. Although the facts in *Corgan* did involve a trust relationship, the sweeping language of the court belies defendant's position that the holding was intended to be so limited. *See Plaisance v. Texaco, Inc.*, 937 F.2d 1004, 1013 n. 6 (5th Cir.1991) (citing *Corgan* for the proposition that a "growing number of courts no longer require physical manifestations of emotional distress for recovery.").

**4.** As an alternative to the zone of danger analysis, the Buckleys could possibly be characterized as direct victims, due to the fact that they inhaled gas fumes from the accident which subsequently made them very ill (albeit if for only a short time). While gas fumes are admittedly not solid objects, we fail to see how this fact alone makes the impact of the fumes non-direct. In part, the reason for the requirement of physical impact is to have some objective evidence to ensure against made-up claims. Inhaling harmful gas and the resulting reactions certainly satisfy this objective need.

As discussed above, in a bystander case *Rickey* required a showing of physical injury or illness as a result of the emotional distress. Again, the *Corgan* decision questions the vitality of this requirement. In any event, plaintiffs do claim physical manifestations such as sleeplessness and disturbed sleep, and anxiety, among other things, as a result of the accident. At this stage, and especially in light of *Corgan,* we are unwilling to find the physical manifestations of emotional distress presented by plaintiffs to be insufficient as a matter of law.

Whether plaintiffs are characterized as direct victims or as bystanders within the zone of danger, plaintiffs must be able to demonstrate severe emotional distress. In depositions and interrogatories the Buckleys claim their emotional distress has taken the form of depression, anxiety, and post-traumatic stress disorder syndrome, among other things. They have seen therapists for their problems resulting from the accident. Defendants, on the other hand, argue that the therapy sought by plaintiffs has been minimal. Similarly, defendants point to plaintiffs' success since the accident in jobs, at school, and in marriage, as precluding the existence of severe emotional distress.

Defendants also argue that plaintiffs are unable to demonstrate severe emotional distress, given cases such as *Robbins v. Kass, supra.* The Illinois appellate court in *Robbins* affirmed the circuit court's granting of summary judgment to defendants in a negligent infliction of emotional distress claim arising from the unattended stillbirth of plaintiff's child. The appellate court assumed, without deciding, that the mother was within the zone of physical danger. *Id.* 163 Ill.App.3d at 932, 114 Ill. Dec. at 872, 516 N.E.2d at 1027. Nevertheless, the court upheld the granting of summary judgment because the plaintiff's physical manifestations, such as crying, sleeplessness, migraine headaches and becoming upset when she saw a pregnant woman, were insufficient to establish physical injury or illness, as then required. *Id.* at 933–34, 114 Ill.Dec. at 872–73, 516 N.E.2d at 1027–28. The decision in *Robbins* [5] was based on an insufficient showing by plaintiff under the physical manifestations requirement. As we have seen, *Corgan* indicates that the physical manifestations requirement is no longer the law in Illinois.

Defendants' arguments may point to weaknesses in plaintiffs' ultimate case; however, we cannot say as a matter of law that plaintiffs have not experienced serious emotional distress.[6] Our conclusion is strengthened by the faith *Corgan* placed "in the ability of jurors to fairly determine what is, and is not, emotional distress." *Corgan,* 158 Ill.Dec. at 496, 574 N.E.2d at 609.

## CONCLUSION

For the above reasons, we deny ANR's motion for partial summary judgment on plaintiffs' claim of negligent infliction of emotional distress.

---

5. *Robbins* was an Illinois appellate case that was decided prior to *Corgan.* Moreover, *Robbins* supported a reading of *Rickey* that *Corgan* rejects; that is, that *Rickey* replaced the direct impact rule with the zone of physical danger rule in all cases. *See Robbins,* 163 Ill.App.3d at 930, 114 Ill.Dec. at 870, 516 N.E.2d at 1025.

6. Defendants have also moved to strike certain evidence submitted by the plaintiffs in opposition to the motion for partial summary judgment. In particular, defendants ask this court to strike and disregard several medical records and reports, among other things. The most persuasive argument of defendants is that plaintiffs have failed to attach affidavits to the supporting documents. *See* Fed.R.Civ.P. 56(e). We decline to rule explicitly on the motion to strike because it does not affect our disposition of the motion for partial summary judgment; though certain documents submitted by plaintiffs may not be properly before the court, these documents are not necessary to our decision.