JUSTICE O’MALLEY, dissenting: I respectfully dissent from the majority opinion. Contrary to what the majority concludes, there is controlling authority in Illinois which governs this issue. In the case at bar, defendant originally received probation. However, because he was required to be sentenced as a Class X felon, he was ineligible for probation. Since there is no statutory authority allowing probation under these facts, the sentence was void from its inception. As a result, there is no reason to consider giving defendant credit against his current sentence based on a former sentence that was void. Furthermore, it is neither fundamentally unfair nor a violation of due process that the circuit court did not decide whether defendant was to receive credit for the void probation. For the reasons that follow, in my view, the circuit court should be affirmed. I agree with the majority on two findings: first, defendant’s original sentence was “illegal” or void (see 366 Ill. App. 3d at 454, 459). I further agree that neither section 5 — 6—4(h) nor section 5 — 8— 7(b) of the Unified Code of Corrections (730 ILCS 5/5 — 6—4(h), 5 — 8— 7(b) (West 2002)) (the Code), which both deal with sentencing credit, applies under the circumstances of this case. See 366 Ill. App. 3d at 459-60. However, in spite of the absence of statutory authority to do so, the majority remands the case to the circuit court to clarify why it did not give defendant credit for probation, i.e., whether it considered it and declined to do so, or whether it simply failed to consider it altogether. This is a puzzling directive to the trial court because it seems to require the court to consider credit for probation pursuant to section 5 — 6—4(h) of the Code (relative to credit for lesser sentences than prison) after finding that section to be inapplicable. 366 Ill. App. 3d at 460, 463. I. CONTRARY LEGAL AUTHORITY I do not agree that defendant’s circumstances are “so bizarre” because the exact issue raised here has been addressed and decided both by this court and the Illinois Supreme Court in People v. Wade, 137 Ill. App. 3d 878 (1985), aff’d, 116 Ill. 2d 1 (1987). The instant case presents a virtually identical situation to that of the defendant in Wade, 137 Ill. App. 3d at 882. In Wade, defendant pleaded guilty to robbery as part of a negotiated plea agreement in which the parties stipulated that defendant had no prior convictions. The defendant in that case was sentenced to time served and 36 months’ probation. Wade, 116 Ill. 2d at 4. Nine months later, however, the court was informed that defendant had been given probation in error because he had prior convictions that made him ineligible for probation. Wade, 116 Ill. 2d at 4. The circuit court held that its order sentencing defendant to probation was void because he was ineligible for probation due to those prior convictions. Wade, 116 Ill. 2d at 4. This court affirmed the circuit court, holding that it properly vacated the defendant’s probation and that the defendant in that case was not entitled to credit for time served on probation because the sentence was void. Wade, 137 Ill. App. 3d at 882. The Illinois Supreme Court also affirmed, finding that the order granting defendant probation was void for lack of inherent power. Wade, 116 Ill. 2d at 4-7. In the instant case, defendant mistakenly received a sentence of probation pursuant to a plea agreement even though he was subject to the mandatory Class X sentencing provision pursuant to section 5 — 5—3(c)(8) of the Code (730 ILCS 5/5 — 5—3(c)(8) (West 2002)) due to prior convictions. Therefore, as in Wade, his probation sentence was void. Wade, 116 Ill. 2d at 4; see also 366 Ill. App. 3d at 454, 459. A sentence that does not conform to a statutory requirement is void and may be, corrected at any time. People v. Arna, 168 Ill. 2d 107, 113 (1995). A judgment is void where the court orders a lesser sentence than is mandated by statute. People v. Wade, 116 Ill. 2d 1, 6 (1987); People v. Young, 334 Ill. App. 3d 785, 789 (2002). A trial court, upon determination of guilt, has no authority to assess a fine or impose a sentence other than that provided by statute. People ex rel. Daley v. Suria, 112 Ill. 2d 26, 38 (1986); People ex rel. Carey v. Bentivenga, 83 Ill. 2d 537, 542 (1981); People ex rel. Ward v. Moran, 54 Ill. 2d 552, 556 (1973); People ex rel. Ward v. Salter, 28 Ill. 2d 612, 615 (1963). This court and our supreme court have held that a void sentence is considered to have never been imposed and that “[a] void sentence is treated as a complete nullity, without legal effect, since inception.” People v. O’Neal, 281 Ill. App. 3d 602, 614 (1996), aff’d in part & rev’d in part by People v. Garcia, 179 Ill. 2d 55, 73 (1997) (holding that consideration of original sentence on remand for resentencing was inapplicable when original sentences were void). Although O’Neal and Garcia deal with different sections of the Code, the inescapable conclusion to be drawn from those cases is that a void sentence has no effect on a subsequent valid sentence. Garcia, 179 Ill. 2d at 73 (stating that a subsequent valid sentence “will not be greater than, less than, or equal to [an] original [void] sentence[ ]”). See also People v. Roth, Inc., 412 Ill. 446, 450 (1952) (holding that “a void decree has no legal effect”). It seems obvious that, under these circumstances and absent contrary statutory authority, defendant is not entitled to receive credit for probation that he served pursuant to the void sentence. Wade, 137 Ill. App. 3d at 882. The majority does not distinguish the facts in this case from the facts in Wade, except to say that the facts here are “so bizarre when viewed in comparison with our statutory law.” 366 Ill. App. 3d at 461. The term “bizarre” is defined as “strikingly out of the ordinary; odd, extravagant, or eccentric in style or mode; involving sensational contrasts or incongruities.” Merriam-Webster’s Collegiate Dictionary 118 (10th ed. 1996). There can be nothing strikingly out of the ordinary about this case where an identical scenario appeared before this court and was affirmed by our supreme court in the past. Further, there is no meaningful distinction between this case and Wade, 137 Ill. App. 3d at 882. Defendant here and the defendant in Wade were improperly sentenced to probation and later properly sentenced to prison after a finding that the probation sentences were void. Both here and in Wade, it is undisputed that responsibility or fault for the mistaken sentence fell upon the State. 366 Ill. App. 3d at 463. Both defendants asked this court for credit against the subsequent valid sentence after fully complying with the terms and conditions of their void probation sentences. Finally, both defendants were free on probation when they should have been incarcerated. In my view, the facts of Wade and those of the instant case are identical in all ways cogent to the outcome. Therefore, the Wade decision cannot be characterized as “wholly irrelevant to the instant cause.” 366 Ill. App. 3d at 461. Further, the majority’s decision creates a conflict with our own decision in Wade and improperly dispenses with relevant Illinois Supreme Court authority. Wade, 116 Ill. 2d 1; Wade, 137 Ill. App. 3d 878. It is well-established law in Illinois that an intermediate appellate court, such as ours, may not alter the law as pronounced by our state supreme court. Our supreme court stated: “[T]he nature of our court system requires that law established by this court’s decision be followed when the question decided arises again before a court. If precedent is not judicially respected, the uniformity and stability of decision, which is essential to the proper administration of justice, will be destroyed.” Rickey v. Chicago Transit Authority, 98 Ill. 2d 546, 551 (1983). The Wade case is directly on point and is dispositive supreme court authority which this court is obliged to follow. See People v. Goebel, 284 Ill. App. 3d 618, 624 (1996) (acknowledging that “[w]e are obliged to follow the precedents of our supreme court”). II. DUE PROCESS AND FUNDAMENTAL FAIRNESS It is difficult to square the majority’s holding with the facts of this case. Without citation to authority or explanation, the majority states: “Essentially, it does not matter here that the original probationary sentence is void. Rather, what does matter is that, were we to simply affirm the decision below without remand for further consideration of defendant’s final sentence, we would be creating, in effect, two classes of similarly situated defendants treated in vastly different manners. That is, under our statutory scheme as evident in section 5 — 6—4(h), a defendant originally placed on probation but who then violates its terms and requires the trial court to again become involved in his cause to impose a prison sentence has the potential opportunity to receive some consideration for his time spent on probation. Meanwhile, a defendant (in the same shoes as defendant here) originally placed on probation and who complies with every one of its terms, participates in the community without further police encounters or legal difficulties, and meets all other conditions for a period of time would receive absolutely no consideration at all, simply because his probation was later declared void rather than revoked. This is inherently, not to mention fundamentally, unfair. Ultimately, we are encroaching upon due process rights.” 366 Ill. App. 3d at 461-62. I do not believe that the outcome in the circuit court or a decision not to remand this case would be either fundamentally or inherently unfair or that such a result would infringe upon defendant’s right to due process. The majority does not identify any constitutional or fundamental right to receive credit against a prison sentence for time served on probation nor does it explain whether defendant was deprived of procedural due process, substantive due process or equal protection. The right to have a probation sentence credited against a subsequent prison sentence is purely a statutory one crafted entirely by the legislature and does not arise from constitutional principles or fundamental fairness. The majority does not explain, and I do not see, how due process rights were violated especially when defendant here was free on probation and all parties, including the majority, agree that he should have been imprisoned. Additionally, contrary to what the majority concludes, defendant is not “similarly situated” to one who properly received probation and violated it. 366 Ill. App. 3d at 462. A Class X felon, who can only receive imprisonment, cannot be compared to a lesser criminal offender who is eligible for probation, and thus, it cannot be said that defendant is treated in a “vastly different manner” or put in a worse position than one who was legally eligible for probation. Indeed, the inference to be drawn from these facts is that defendant was treated much better than similarly situated Class X felons because he received eight months of freedom when he should have been in jail. Moreover, there is no evidence to support a suggestion that our supreme court has “fail[ed] to recognize the vital conflict” and did not “address[ ] the factual context of defendant’s situation.” 366 Ill. App. 3d at 461. First, I do not believe any conflict exists. It appears as if the majority’s quarrel is not with the Illinois Supreme Court’s ability to recognize “the vital conflict,” but with the legislature’s failure to enact a statute that gives a defendant the opportunity to receive credit for a void sentence. Next, although I find it logical to presume that the reason why no such statute exists is because the legislature recognizes that a void sentence has no legal effect, it would be within the province of the legislature to craft such a provision, if it chose to do so, but wholly improper for this court to undertake that responsibility. The majority cites to People v. Garlick, 46 Ill. App. 3d 216, 223 (1977), for the proposition that it “is our duty to heed and uphold the basic principles of common sense and fundamental fairness in our legal system.” The Garlick case is a procedural due process case that deals with the constitutional right of a defendant not to be placed on trial while he is insane. Garlick, 46 Ill. App. 3d at 220, citing Pate v. Robinson, 383 U.S. 375, 15 L. Ed. 2d 815, 86 S. Ct. 836 (1966). In Garlick this court held that it was “inherently unconstitutional to place the burden of proof on the defendant in a hearing to determine his fitness to stand trial.” Garlick, 46 Ill. App. 3d at 223, citing People v. Bender, 20 Ill. 2d 45, 47 (1960). Although Garlick properly engages in a fundamental fairness analysis of rights that arise from the Constitution, it is wholly irrelevant to this case because it does not address the issues of void sentences and credit for probation against a subsequent prison sentence, which arise from statute, not the Constitution. The majority condemns the “unfairness” of a result that allows a defendant who has violated his probation to potentially receive credit for some portion served while someone who has, in effect, “done everything right” may not. The majority, however, ignores the fact that defendant was neither mistreated nor dealt with unfairly, but was the fortuitous beneficiary of freedom to which he was not entitled. Simply put, a mistake occurred that resulted in eight additional months of freedom for defendant. The fact that he is not entitled to credit for the original void sentence does not implicate issues of fundamental fairness or due process. Defendant is not similarly situated to any defendant eligible for probation. Defendant is not entitled to be “treated better” than a defendant who receives and then violates his probation because defendant here is a Class X felon. Moreover, it violates principles of common sense and is a waste of judicial resources to remand a case to the circuit court to decide whether a Class X felon should receive credit when the well-established Illinois Supreme and Appellate Court authority holds that he may not. I, therefore, dissent.